TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-H

CV24-7950-FL  CENTRAL DISTRICT OF CALIFORNIA  CR23-491-FLA

This writ of Habeas Corpus extends to prisoner Jonathan Lipman because he has been and continues to be in custody at the Federal Governments Metropolitan Detention Center Los Angeles in violation of his constitutional rights [28 USC 2241(c)].

"Writs of Habeas Corpus may be granted by the Supreme Court, any Justice thereof, the district courts, and any circuit judge, within their respective jurisdictions". [28 USC 2241(a)]. Though "the supreme court, any justice thereof, and any circuit judge may decline to entertain a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it" [28 USC 2241(b)], it is requested that a superior court or a separate district court outside of the federal court of Judge Fernando Aennle Rocha consider this issue. Only the district court address has been provided to defendant Jonathan Lipman in spite of his attempts to be given the addresses of superior courts.

JUDGE AENNLE ROCHA HAS MADE NUMEROUS ERRORS OF LAW AND VIOLATIONS OF CONSTITUTIONAL RIGHT. HIS UNDERSTANDING OF CONSTITUTION IS IN DOUBT; HIS DECISION MAKING MOTIVATED BY COVERING UP HIS ERRORS AND MISHANDLING OF CONSTITUTIONAL AND TRIAL RIGHTS.

This part of this writ of Habeas Corpus addresses violations of Jonathan Lipmans sixth amendment rights, but the ensuing parts address other violations which include Jonathan Lipmans 1st, 8th, and 14th amendment rights. Judge Aennle Rocha has violated Jonathan Lipmans right to manage his defense and seems to be motivated by covering up his violation of that right as determined in Faretta v California 1975. Judge Aennle Rocha has violated Jonathan Lipmans constitutional rights since he waived the defendants right to a speedy trial in spite of defendant vehemently refusing to deny that right to a speedy trial on November 17, 2023. Jonathan Lipman has been confined in a detention center with terrible conditions that the ensuing writ of habeas corpus defines. The "lengthy exposure" to these conditions has had such a "harmful effect on [his] human character" (Barker v Wingo, 1973 Supreme Court) that Jonathan Lipman will be unable to properly testify on his behalf to the full extent of the truth of his intent of conduct as charged as a crime. The 6th amendment right violating length of Jonathan Lipmans detention has detrimentally damaged his testimony to a jury, which will occur a year and a half after his arrest.

Following submissions of motions attesting to this violation of right to speedy trial, Judge Aennle Rocha improperly ordered a competency hearing at the behest of a standby attorney that defendant Jonathan Lipman accused of misconduct; misconduct the attorney eventually admitted as true. Judge Aennle Rocha also improperly conducted this competency hearing, leading defendant Jonathan Lipman to have his pro se rights removed even though he was determined competent to stand trial. Judge Aennle Rocha then refused to let Jonathan Lipman fire this counsel and have a new one appointed, even though this attorney admitted on court record he pretended to submit documents on the defendants behalf while withholding them from the court record; an act that irreparably damaged defendants trust and confidence in appointed counsel.

The court didnt even have the right, according to the law, to conduct a competency hearing. 18 USC 4241(a) states "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant or at any time after the commencement of probation or supruervised release and prior to the completion of the sentence, the defendant or the attorney for the government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion if there is reasonable cause to believe the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense".

The government did not file a motion for a competency hearing. The court did not order the hearing on its own motion. The defendant did not ask for a hearing to determine mental competency. A standby attorney that the defendant disavowed for interfering in defendants right to manage trial and represent himself pro-se asked for a competency hearing; not only did standby attorney have no reasonable cause to ask for competency hearing; standby attorney had no right to ask for a competency hearing according to the terms of 18 USC 4241.

This competency hearing was also misconducted by the court and Judge Aennle Rocha. Judge Aennle Rocha appointed the very counsel that was accused of and eventually admitted to interfering in defendants trial by pretending to send documents to court on defendants behalf and that lied to defendant to alter defendants trial strategy. Standby counsel had the ulterior motive of misrepresenting defendants state of mind and psychological defect to justify his misconduct of interfering in defendants 6th amendment rights. Judge Aennle Rocha also stated to the record that he "noticed there was something off about the defendant", though his claim of question of defendants competence was potentially motivated by justifying judge Aennle-Rochas violation of defendants speedy trial rights.

According to 18 USC 4247(d), at a "hearing ordered pursuant to this chapter [18 USC 421 et seq] the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A [18 USC 3006A]. The person shall be afforded an

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-H-S

----------------------------------------------------------------------------------------------------

FROM: 79509510
TO:
SUBJECT:
DATE: 09/05/2024 07:27:00 PM

THIS IS A WRIT OF HABEAS CORPUS 28 USC 2241.

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-H-S

---

opprotunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross examine witnessess who appear at the hearing."

Defendant Lipman had a right to present evidence and cross examine witnesses who appear at the hearing or who claimed defendant had a potential defect. Not only did defendant Lipman have the right to cross examine Judge Aennle Rocha who stated he observed defendants defect. Defendant also had a right to cross examine Standby attorney Joel Koury and subpoena him for evidence of his interference in defendants trial. Judge Aennle Rocha should have recused himself from the hearing and even the motions for dismissal of the case on speedy trial violation grounds and appointed a magistrate in accordance with 28 USC 636b(1)(A); (B). Defendany should have been appointed new counsel when he fired standby attorney for interference in trial on March 22, 2024.

"A judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgement on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to supress evidence in a criminal case, to dismiss or permit the maintenance of a class action, to dismiss for failure to state a claim for which relief can be granted, and to involuntarily dismiss an action". [28 USC 636b(1)(A)] Judge Aennle Rocha could have and should have appointed a neutral party to determine his potential interference in defendants sixth amendment right to self representation and management of trial and to determine defendants competency to represent himself. Defendant had also had a right to have a second competency exam rather than allow an attorney accused of misconduct to select the one and only person to conduct that psychological exam.

"A Judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motions excepted in suparagraph (a), of applications for postrial relief made by individuals convicted of criminal offenses and of prisoner petitioners challenging conditions of confinement." [28 USC 636 b(1)(B)]. In accordance with 28 USC 636 b(1)(B), Judge Aennle Rocha could have "designated a magistrate to conduct hearings, including evidentiary hearings, and to submit reccomendations for motions" and pretrial matters excepted in 28 USC 636 b(1)(A) including defendants motion to dismiss for violations of 1st amendment rights and motion to dismiss due to district court Judge Aennle Rochas violation of 6th amendment speedy trial rights. Instead, Judge Aennle Rocha, a judge accused of violating 6th amendment rights, was allowed to rule on the motions pleading that this judges own actions were a constitutional rights violation. This judge was allowed to issue a ruling on his own potential errors of law.

This is one of the many portions of Jonathan Lipmans writ of Habeas Corpus 28 USC 2241(c) for the government district court, government bureau of prisons, government bureau of investigation, and government attorneys offices violation of constitutional rights. This writ of Habeas Corpus will go ignored by yet another Judge, Dolly M Gee, that refuses to uphold the constitution, because in spite of Judges deliverance of accountability for others actions, there is no accountability for their own actions.

THIS IS A WRIT OF HABEAS CORPUS 28 USC 2241 (c)(3).

This writ of Habeas Corpus is submitted to the warden of Metropolitan Detention Center Los Angeles and its attorney, for transmission and response to the Supreme Court of the United States, the Ninth Circuit Court of Appeals, and Chief District Judge Dolly M. Gee. This writ of Habeas Corpus seeks immediate remedy of a first amendment violating indictment 2:23-cr-00491-FLA, a sixth amendment, speedy trial act violating trial in the Central District of California District Court, and an 8th and 14th amendment violating detention in Metropolitan Detention Center Los Angeles. It is submitted to the Warden of Metropolitan Detention Center Los Angeles' warden and attorney for submission to the Supreme Court and and Ninth Circuit Court of Appeals because conditions of detention preven Jonathan Lipman from having access to or even the address to mail this writ to these courts. It is the Detention Centers legal and constitutional duty to respond to this writ of habeas court for ruling by the appropriate courts

"Writs of Habeas Corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions." [28 USC 2241(a)]. Though "the supreme court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it" [28 USC 2241(b)], it is requested that a superior court (supreme court or circuit court) or a separate district court outside of the federal court of Judge Fernando Aennle Rocha determine and rule on the validity of this writ of habeas corpus. Due to numerous errors of 1st and 6th amendment constitutional law; and because of Judge Aennle Rocha's past disregard for conditions of detention that have violated Jonathan Lipmans first amendment rights and continue to violate his 8th and 14th amendment rights, Judge Aennle Rocha has a potential conflict of interest issuing a ruling on this matter. Granting this writ of habeas corpus would require the ruling court to admit constitutional errors by district court Judge Aennle Rocha.

This writ of Habeas Corpus extends to prisoner Jonathan Lipman because he has been and continues to be in custody at the Federal Governments Metropolitan Detention Center Los Angeles in violation of his constitutional rights [28 USC 2241(c)]. His indictment for 18 USC 2261A(2)(B) violates his first amendment rights. The lenth of his pretrial for indictment 2:23-cr-00491-FLA, in spite of Jonathan Lipmans refusal to waive right to a speedy trial to multiple attorneys "of record", to the U.S. Attorneys Office, and multiple times on record to District Court Judge Aennle Rocha violated the speedy trial act and Jonathan Lipmans 6th amendment rights. The conditions of detention at Metropolitan Detention Center Los Angeles Jonathan Lipman experienced and continues to experience as an American with Autism Spectrum Disorder violated and continues to violate Jonathan Lipmans 8th and 14th amendment rights.

Jonathan Lipmans charge is an unconstitutional content restriction of a persons right to use words to protest the criminal justice system, including its judges, prosecutors, clerks, and law enforcement agents. See indictment 2:23-cr-00491-FLA court documents 59, 75, the handwritten "Counterman argument" approximately document 83, and "motion to dismiss indictment 2:23-cr-00491-FLA take 4", in possession of Jonathan Lipmans current "attorney of record", that Metropolitan Detention Center Los Angeles is currently unconstitutionally restricting Jonathan Lipmans access to reproduce and print out. The violation of Jonathan Lipmans speedy trial rights and the length of time spent in the 8th and 14th amendment violating conditions of Metropolitan Detention center Los Angeles have irreparably harmed Jonathan Lipmans ability to take part in his trial strategy, assist in the management of his defense, and testify to the full extent of the truth of himself, his state of mind, and his intent.

An indictment for the conduct the Government alleges to be criminal leads Jonathan Lipmans detention to be unconstitutional. The violations of the 6th, 8th and 14th amendment have rendered the trial a mistrial and detrimentally changed the course of the defense. These constitutional violations have been taken advantage of by the attorneys office and the government to win a trial at the expense of the constitution and Americas Bill of rights. The lengthy exposure to 8th and 14th amendment violation conditions at MDC Los Angeles took advantage of symptoms of Jonathan Lipmans Autism spectrum disorder and allowed the Attorneys Office to warp their trial strategy. Jonathan Lipmans constitutional rights have been violated.

THIS IS A WRIT OF HABEAS CORPUS - 28 USC 2241.

This writ of habeas corpus is submitted to the warden of Metropolitan Detention Center Los Angeles and its attorney, for remedy of Metropolitan Detention Center Los Angeles' past and ongoing violations of detainee Jonathan Lipmans 1st, 6th, 8th, and 14th amendment rights as an American citizen detained in an American Jail; and his rights as an American with a disability recently diagnosed as Autism Spectrum disorder. Because of district court Judge Aennle-Rochas disregard of this detention centers violation of Jonathans Lipmans 1st, 8th, and 14th amendment rights (in violation of 18 USC 241 and 18 USC 242), in accordance with 28 USC 636 (b)(3), it is requested that MDC or Chief district Judge Dolly M. Gee ask for or order the appointment of a magistrate to hear this matter of constitutional rights being violated. Pending a ruling by a district judge or magistrate that has actual constitutional authority, rather than a disciplinary hearing officer that is serving to cover up Bureau of Prisons state committing multiple crimes against Jonathan Lipman, Jonathan Lipman seeks immediate return of potentially unconstitutional restrictions on commissary, phone, and email serve as Jonathans only means of writing first amendment protected word documents, the best means of his 8th and 14th amendment protected autism spectrum disorder, and the international human right of keeping records of misconduct and constitutional rights violations of Bureau of Prisons staff.

Jonathans rights, already unconstitutionally limited by "normal" BOP "program", were further restricted to his great mental anguish, pain, and suffering as an American citizen with austism spectrum disorder for 3 reasons. 1.) Jonathan Lipman received an infraction code 306, for "Refusing to program" because he was exercising his human international right of protest and Jewish rite of religion to fast. 2.) Jonathan Lipman received and infraction code 307 for "refusing to obey an order" which he refused in protest of that corrections officer repeatedly stating that he would pepper spray him out of this hunger strike [this followed a 5 day period in which at least 4 other guards threaten to pepper spray or beat up Jonathan to get him to eat, though they would probably claim their threats were jokes]. 3.) Jonathan Lipman received an infraction code 312, "insolence toward a staff member" for "refusing to control his emotions" for his response of first amendment protected speech to prison staff that had ignored him bleeding in a room and denying him medical treatment including stitches, for 20 hours.

The conditions leading up to these infractions and the infractions themselves, violated Jonathan Lipmans 1st, 8th, and 14th amendment rights as an American Citizen and an American with the disability Autism Spectrum Disorder. According to the National Alliance on Mental Illness, which the Bureau of Prisons own Psychology department refers to when explaining diagnoses of mental, psychological, emotional, or societal disorder, the symptoms of Autism include: sensory problems, difficulty interacting with people, problems with expressing emotions, and sleep problems. All of the infractions stated above are symptoms of an autistic person responding to and communicating the emotional distress of their rights being violated by Metropolitan Detention Center staff verbally abusing them and threatening them with physical abuse.

During the period of time leading up to or including these infractions, Jonathan Lipman experienced conditions of federal detention that violated his 1st, 8th, and 14th amendment rights as an American citizen with a disability. The overcrowded and noisey conditions of general population exacerbated Jonathans sensory problems and sleep problems. Due to his difficulties interacting with peers and inability to communicate the word "no" to their requests; and the lack of staff willing to address or protect him from the symptoms of this disability, Jonathan was taken advantage of on multiple occassions in ways that caused his disorder problems.

The Specialized Housing Unit (SHU), with its 24 hour 7 days a week lockdowns, 16 hours a day or more of continuous lighting, and requirement of interacting with and communicating with staff members that were threatening him and others with beatings or pepper sprayings to accomplish something as simple as having his toilet flushed, was substantially violative of Jonathan Lipmans 8th and 14th amendment rights. The fact prison staff prevented Jonathan any form of positive stimuli and denied him books, paper, pen, radio, or shower during his time fasting in the SHU, severely exacerbated with longterm consequences the symptoms of Jonathans Autism Spectrum Disorder.

Jonathan Lipman submits this writ of Habeas Corpus to address the following issues violating his 1st, 6th, 8th, and 14th amendment rights. 1.) Removal of restrictions of commissary, phone his disorder requires for appropriate communication, and computer email program for appropriate communication and that is the only option available at Metropolitan Detention center to write and correct documents. 2.) Cease the prisons denial of healthy foods to him. 3.) Remedy of continued sleep issues that arent in the form of unconstitutional medication.

THIS IS A WRIT OF HABEAS CORPUS - 28 USC 2241. This writ of Habeas Corpus is written not just for remedy of 1st, 6th, 8th, and 14th amendment violations of Jonathan Lipmans rights, but due to the violations of the 1st, 6th, 8th, and 14th amendment rights of dozens if not hundreds of detainees of Metropolitan Detention center Los Angeles. The most eggregious violations of 1st, 6th, 8th, and 14th amendment rights are occurring in the Specialized Housing Unit (SHU). Detainees are being held in the SHU for arbitrary infractions, due to mental illness and because their admittedly contemptuous crimes require protection that the Bureau of Prisons cannot or will not provide to them in the overcrowded general population. These 8th and 14th amendment violating conditions of the SHU include 24 hour a day lockdowns with only about 3 hours a week outside their cells, denial of access to law library, writing programs or typewriter, denial of email, limited if any access to phone calls or communication to the outside world, denial of pen, paper, and adequate books to occupy their time, guards that have no consequence or witness for threats made to these detainees, denial of medical care, and psychologically tortuous isolation.

These constitutional rights violations by Metropolitan Detention Center include the commission of crimes by federal government employees. These crimes include but are not limited to extortionate threats, destruction of evidence, falsifying government documents, assault, battery, mail tampering, violations of 18 USC 241 and violations of 18 USC 242. These violations of 1st, 6th, 8th, and 14th amendment rights are as small as denying inmates adequate cleaning supplies, garbage bags, or toilet paper or as large as covering up inmates raping other inmates, denying people medical care, and putting detainees through punishments or controls that most American citizens would refer to torture in the SHU. The U.S. Attorneys office and U.S. Marshalls ignored attempts to share these rights violations and crimes with them. Though the list of the aggrieved is long, no other detainee asked for this document to be written or sent. It is written from the observations and knowledge of one of the many violated persons in spite of their substantial fair, that as in times past, they will be retaliated by prison staff for their attempt to highlight and protest Metropolitan Detention Center and the federal governments violations of American and Human rights.

This writ of Habeas Corpus is submitted to the warden of Metropolitan Detention Center Los Angeles and its Attorney for remedy of these past and ongoing violations of constitutional rights. Because of the District courts disregard for MDC's past violations of Jonathan Lipmans constitutional rights, and in accordance with 28 USC 636 (b)(3), it is requested that MDC or chief district judge Dolly M. Gee ask for or order the appointment of a magistrate to consider this matter of constitutional rights being violated.

Conditions violating 8th and 14th Amendment rights of numerous detainees of the american government:
1) Lack of adequate diet failing to fulfill nutrional guidelines of daily intake [2500 calories a day, 38 grams of fiber, 60 grams of protein, 300 grams of carbohydrates, less than 40 grams of sugar a day]
A) for example a violation of an autistic persons 8th and 14th amendment rights and their disorders symptom of having a routine and repetitive behavior of eating healthy
2) Denial of detainees previously prescribed medications, often replaced with unhelpful medications, some of which have dangerous side effects; detainees are denied something as simple as their prescription glasses.
3) Denial of medical care; detainees are being denied timely dental care, diagnostic testing, and treatment
4) Detainees with undiagnosed psychological, emotional, mental, or societal disorders are having their 8th and 14th amendment rights being violated by overcrowding, noise, other detainees taking advantage of their disorder, the whims or false accusations of federal government corrections officers, etc.
5) Metropolitan detention center ignores court orders related to medical needs as simple as toilet paper or as large as surgery
6) Lack of supplied seasonal clothing to protect inmates healthy body temperatures i.e.: shorts and long sleeve shirts
7) conditions that arent conducive to sleep and violate the 8th and 14th amendment rights of people whose disorders like autism have the symptom of sleep problems
A) guards talk all night or shine their flashlights, inmates snore all night or talk to themselves; detention center refuses to provide eye covers or ear plugs or single cells when appropriate or necessary to protect itself from liability at the expense of the 8th and 14th amendment
8) Detainees are placed in an observation room naked with only a smock to keep them warm and lights that dont turn off, for as long as two weeks, for having "ideations" which are a symptom of numerous psychologically disorders; or placed in an observation room for constitutionally protected fasts/hunger strikes
9) guards make false accusations about inmate conduct to cover up their incompetence or to deal with their own psychological deficiencies or bad moods
10) guards use extortionate threats to coerce detainees into obeying their sometimes arbitrary or inappropriate orders
11) Hunger strikers/spiritual fasters are locked into a room for weeks without access to paper, pen, books, radio, showers, ema phone, or contact with the outside world to report their experiences to a neutral party disinterested with covering up federal government conduct.
12) Laundary doesnt use enough soap to clean clothes
13) Mattresses provided to detainees are sheets of insulation that dont provide any reasonable comfort from steel bedframe and contribute to sleep issues; no pillows
14) Certain Units like the psychological annex are denied hygeine materials, adequate cleaning supplies, garbage bags, adequate toilet paper, toothbrushes, soap, shoes, pen, paper, etc.
15) Detaineeds are held in the SHu for as long as a year, where they are lucky to leave their cell 3 hours a week and are punished or their mail tampered with for complaining about conditions and held there without re

16) Detainees are sent to the Specialized housing Unit (SHU) for reasons other than violating constitutionally enforceable prison rules.

Conditions violating 1st and 6th amendment rights of detainees of Metropolitan Detention Center Los Angeles:
1) SHU detaines are denied access to the law library, typewriters, and the email "trulincs" email program that serves as the only feasible means of composing written documents
2) SHU detainees are denied the right to attend religious services
3) All detainees are denied the ability to write for free; Typewriters are not available to use outside of the 2-3 hours per week inmates are granted access to the law library; money is required to buy pen, paper, access to the trulincs email program which is the only available electronic word processor, and money is required to make copies of typed documents
4) Metropolitan Detention Center destroys/"loses" mail critical of its conditions; especially mail sent from the SHU
5) Detainees are punished/retaliated against for first amendment protected written and verbal airings of grievances critical of prison conditions or guards treatment of them; inmates are sometimes even punished or retaliated against for simply asking a question
6) Detainees are punished/retaliated against for attempting to contact the media or journalists
7) Inmates arew restricted to one complaint or question through th electronic request to staff program called "Copout" per day and the detention center staff almost never respond to these complaints or questions
8) Detainees are denied an adequate supply of books; the prison discriminates resources and distractions in favor of inmates who can avoid to pay money to buy games, movies or music on a tablet
9) Detainees exercising their first amendment right and religious right to hunger strike/fast in protest of the 1st, 6th, 8th, and 14th amendment rights violating conditions of their detention are threatened by federal government employees with beatings and pepper sprayings, threatened with unconstitutional feeding tubes being jammed down their throat when an IV feeding tube would suffice to use intimidation and the detention center uses extortionate threats to coerce them out of their constitutional right to hunger strike/fast.
10) Detainees exercising their first amendment right and religious right to hunger strike/fast are locked in a room for weeks without shower, books, paper, pen, radio, ability to make phone calls or send letters, or anything else to occupy their time. They are denied communication with the outside world to share with a family member or the media the details of the federal government attempting to torture them out of their constitutional and religious right to hunger strike and fast.
11) On order/request by the Bureau of Prisons detainees exercising their first amendment right to hunger strike/fast are chained to a hospital bed for 9 days as the Prison doctor attempts to coerce a private hospital into declaring a patient in that hospital, the hunger striker, to declare that hunger strike/person exercising their religious right to fast incompetent to exercise their first amendment religious right so that hospital can force feed the detainee on the detention center/U.S. Governments behalf.
12) Detainees released from the Hospital still on hunger strike/religious fast because the hospital determined them to be competent to exercise that religious right and still in good health, are denied by the Bureau of Prisons their "prescription" for 16 ounces of juice per day they agreed with the hospital to take to maintain their health as long as possible.
13) Detainees denied this juice determined to be a helpful aid in continuing their hunger strike/fast are left bleeding in a room nearly 24 hours as prison corrections and administrative staff walk by and denied medical treatment requiring stitches.
14) Detainees exercising their first amendment right to a hunger strike and religious right to fast are accused of crime to end it and/or cover up detention staff leaving them bleeding in a SHU room for 24 hours needing medical care, possibly suffering a light concussion, and requiring stitches
15) Metropolitan Detention Center Los Angeles uses this allegation of a crime they have evidence and witness to prove is false to coerce a detainee to stop exercising their first amendment right to fast/hunger strike and then that falsified document accusing them of a crime is expunged from their record

THIS IS A WRIT OF HABEAS CORPUS - 28 USC 2241.

This writ of habeas corpus is submitted to the warden of Metropolitan Detention Center Los Angeles and its attorney. It is submitted for remedy of past and likely future violations of Jonathan Lipmans 1st amendment right, Jewish american rite, and international right to hunger strike/fast in response to conditions imposed on him by federal government detention centers, federal government attorneys, federal government magistrates, and federal government district courts, that violate his 1st, 6th, 8th, and 14th amendment rights. This writ of habeas corpus seeks remedy and ruling on how the federal government Bureau of Prisons, U.S. Marshals, White Memorial hospital, and Intercom Security staff responded to a hunger strike from September 26 2023 - October 4 2023; and march 25 2024 - April 20 2024. In accordance with 28 USC 636 (b)(3) Jonathan asks that Metropolitan Detention Center Los Angeles attorney asks for or chief district judge Dolly M Gee order the appointment of a magistrate to hear on and rule on this matter.

Jonathan Lipman seeks a writ of Habeas Corpus for court order stating Jonathan Lipman, deemed competent to stand trial, has a first amendment protected religious right to fast for spiritual reasons; and a first amendment protected constitutional right to protest the conditions of his arrest and detention with a hunger strike. Jonathan seeks a court to order all prisons, hospitals, staff and administrators of these hospitals and prisons not to interfere in Jonathan Lipmans right to choose not to eat. Jonathan seeks a court to order all prisons and hospitals to allow him to sign a do not resuscitate order and an order of denial of any and all medical interventions into his fast/hunger strike. Jonathan seeks a court to rule he has a 1st, 8th, and 14th amendment right not to eat. This court order seeks court order forbidding the Bureau of Prisons, US Marshals, White Memorial Hospital, any other hospital, Intercom Security, and any other security agency from responding to a spiritual/religious fast and a first amendment protected protest in the form of a hunger strike with any means of interference, but especially the previously employed means of interference, intimidation and torture employed on Jonathan Lipman to end that hunger strike:

Response to hunger strike/fast by bureau of prisons September 26 - October 4 that violated 1st, 8th, and 14th amendment rights requiring remedy:
1) Ordering him down to the administrative offices to use extortionate threats or threats of locking him in the specialized housing unit to interfere with and intimidate him out of his first amendment protected hunger strike
2) have administrative staff threaten Jonathan with housing him in Specialized housing unit cell locked down 24 hours a day with an inmate that has multiple FBI referalls for raping other inmates (in laymens terms threatening Jonathan with rape if he doesnt end his hunger strike)
3) having guards tell him how much they would enjoy him fight a feeding tube down his throat so they could have the opportunity to knock him out
4) threatening to deny him water/turn off his water
5) threatening to destroy his legal documents and writings documenting conduct by federal government employees in the detention center
6) Locking him in an observation room with no clothes that the lights dont turn off in and no books, paper, or pens until he ends his hunger strike

Unconstitutional response to hunger strike/fast by bureau of prisons March 25 - April 8 2024"
1) Locking Jonathan in a cell with another person who attempted to interfere with his hunger strike if he didnt give him his food
2) putting Jonathans purchaces property in a storage room where other inmates stole hundreds of dollars of his property
3) attempting to falsify documents (video) by pretending Jonathan was eating by giving it to his hungry and psychologically ill cellmate to eat
4) corrections officers threatening to beat Jonathan into eating
5) corrections officers threatening to pepper spray Jonathan into eating
6) assaulting Jonathan (cuttting and bruising his hands for trying to push a full tray out of the slot of his cell)
7) Locking Jonathan into a cell he cant leave with the lights constantly on for 15 days
8) Denying Jonathan access to books
9) denying Jonathan access to law library
10) Denying Jonathan his yarmulke for a week
11) Denying Jonathan warm clothes
12) Denying Jonathan access to paper and pen
13) Denying Jonathan access to phone and email
14) Denying Jonathan access to contact journalists or media about his treatment
15) Dragging Jonathan physically to a lieutenants office, bruising him, and threatening to chain his wrists and ankles to a steel bedframe for refusing to let a doctor draw his blood or give urinalysis
16) violating his symptoms of autism with continuous lighting and verbal abuse
17) Denying him a shower or adequate toothbrush

Unconstitutional response to hunger strike by white memorial, intercom security, and US marshals April 8 - April 17 2024
1) chaining Jonathan to a hospital bed
2) withholding his medical records and test results demonstrating his good health
3) pretending he was succumbing to health problems
4) denying him shower for a week\
5) denying him pen, paper, books to read, tv, or any form of distraction
6) denying him phone calls or contact with the outside world
7) refusing to keep his door closed

8) Noisey, talkative guards, patients, and health monitors in the hospital keeping Jonathan Lipman awake and violating his 8th and 14th amendment rights as a person alleged to have autism spectrum disorder
9) denying Jonathan Lipman the ability to sit in a chair and lookout the hospital window
10) Denying him the right to sign a do not resuscitate order/"pulsed" forbidding hospital or prison staff to medically intervene in his first amendment right to go on a hunger strike/fast in response to unconstitutional conditions placed upon him by his arrest and detention

Unconstitutional responses to fast/hunger strike by Bureau of Prisons April 17 - April 22, 2024
1) Denying Jonathan the 16 ounces of juice per day he agreed to drink at hospital to maintain his blood sugar (if he asks for it)
2) locking Jonathan in a cell he cant leave or turn off the lights until april 30, 2024
3) Denying him medical care requiring stitches for nearly 24 hours after he lost his balance standing up too quickly out of a bed and fell onto a metal stool
4) corrections officers picking him up by a waist chain and using it to slam Jonathan into a wall for airing his frustrations/ first amendment right to air grievances about being left in a cell bleeding and ignored for 20 hours; a violation of the first amendment right to tell guards who threatened him with beatings and pepper sprayings they are sadists and a response by the guards that violates the 8th and 14th amendment rights of a person demonstrating a symptom of autism spectrum disorder
5) Falsely accusing Jonathan of a crime to intimidate him into ending his fast/hunger strike and/or cover up Metropolitan Detention Center denying Jonathan Lipman medical treatment requiring stitches for nearly 24 hours; an allegation that was quickly dismissed and "expunged" from the record once Jonathan ended his fast/hunger strike
6) All other unconstitutional responses mentioned that were employed by Metropolitan Detention Center Los Angeles March 25 - April 8th prior to White Memorial Hospital determining Jonathan Lipman had a right to fast/hunger strike and the good health to be released still exercising that right to fast

In summation, this writ of Habeas Corpus is written to protect Jonathan Lipmans first amendment right to fast/hunger strike without any attempt at intervention by any party and to prevent 8th and 14th amendment forms of intervention by Metropolitan Detention Center Los Angeles, the US Marshals, Intercom Security or White Memorial Hospital that include but are not limited to:

1) Locking Jonathan in the Specialized Housing Unit
2) Locking Jonathan in an Observation room
3) Denying Jonathan clothes, books, paper, pen, phone calls, emails, ability to send or receive mail, radio, or access to fresh air
4) putting Jonathan in a room he cannot turn off the lights
5) threatening Jonathan with assaults such as beatings, pepper sprayings, tying his wrists and ankles to a steal bed, or jamming a feeding tube down his throat
6) Chaining him to a hospital bed
7) violating the sensory problems and overstimulation of senses with a noisey hospital room or SHU unit and with light torture
8) dragging Jonathan from his cell to intimidate him into a medical exam
9) Denying him the right to have a do not resuscitate order or make his own medical decisions
10) lying about the circumstances of his health
11) Forcing him to undergo medical diagnostics

Jonathan has a right to decide whether or not he eats for religious and spiritual reasons like many Jews before him and constitutional and social rights reasons like many political prisoners of governments before him. The Bureau of Prisons and federal government prison is designed to keep him from the society they rule; Jonathan Lipmans placement in this detention center does not mean the federal government owns his life, his healthcare, and Jonathan Lipmans decision making about that life and healthcare

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-H-S

---

THIS IS NOT A LETTER TO A JUDGE. THIS IS A WRIT OF HABEAS CORPUS 28 USC 2241(C) ADDRESSING JONATHAN LIPMANS FIRST AMENDMENT RIGHT TO FAST AND HUNGER STRIKE IN ACCORDANCE WITH HIS JEWISH RELIGION AND IN PROTEST OF THE US GOVERNMENT ATTORNEYS OFFICE AND BUREAU OF INVESTIGATIONS VIOLATION OF HIS FIRST AMENDMENT RIGHT, FEDERAL GOVERNEMENT DISTRICT COURT JUDGE AENNLE ROCHAS VIOLATION OF HIS FIRST AMENDMENT RIGHT AND SIXTH AMENDMENT RIGHTS, AND THE BUREAU OF PRISONS VIOLATION OF JONATHAN LIPMANS FIRST AND EIGHTH AND FOURTEENTH AMENDMENT RIGHTS.

JONATHAN LIPMAN STOPPED EATING IN EXERCISE OF HIS FIRST AMENDMENT RIGHTS ON SEPTEMBER 5TH, 2024. ONLY DISTRICT COURT CHIEF JUDGE DOLLY M GEE HAS BEEN INFORMED. JONATHAN LIPMAN WILL NOT EAT FEDERAL GOVERNMENT FOOD AGAIN IN REPETENCE TO HIS GOD AND IN PROTEST OF HIS CONSTITUTIONAL RIGHTS VIOLATING GOVERNMENT. THE GOVERNMENT HAS NO RIGHT TO INTERVENE IN HIS RELIGIOUS RIGHT TO HUNGER STRIKE AND FAST LIKE MANY JEWS BEFORE HIM. THE GOVERNMENT CAN TORTURE JONATHAN LIPMAN WITH THREATS OF VIOLENCE OR ENVIRONMENTAL TORTURES AS THEY DID DURING HIS PAST HUNGER STRIKES; OR WITH FEEDING TUBES, BUT GOVERNMENT INTERVENTION IS UNCONSTITUTIONAL. JONATHAN LIPMAN WILL NOT SUCCUMB TO THE GOVERNMENTS COERCION THROUGH TORTURE AND END HIS CONSTITUTIONALLY PROTECTED FAST/HUNGER STRIKE THIS TIME.

I HEREBY TAKE A VOW OF SILENCE. THIS IS NOT A REFUSAL TO TESTIFY IN MY DEFENSE. THAT RIGHT HAS ALREADY BEEN STRIPPED OF ME BY MY UNCONSTITUTIONAL DETENTION OF A YEAR (and counting) IN THE CONSTITUTIONAL RIGHTS VIOLATING CONDITIONS OF METROPOLITAN DETENTION CENTER LOS ANGELES AS JUDGES FAIL THEIR CONSTITUTIONAL DUTIES AND ALLOW IT.

*This is legal mail. Please, only check for contraband.*

TRULINCS 79509510 - LIPMAN, JONATHAN - Unit: LOS-H-S

---

FROM: 79509510
TO:
SUBJECT:
DATE: 09/05/2024 07:11:59 PM

Jonathan Lipman 79509-510
Metropolitan Detention Center Los Angeles
P.O. Box 531500
Los Angeles CA 90053

Chief District Judge Dolly M. Gee
1st Street Courthouse
350 W 1st Street
Courtroom 8C 8th floor
Courtroom 500
Los Angeles, 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
SEP 10 2024
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

RECEIVED SEP 0 6 2024

DATE IN/DATE OUT — MAILROOM
DATE IN/DATE OUT — COUNSELOR
DATE RECEIVED — INMATE SIGNATURE

The enclosed letter was processed through our special mail procedures for forwarding to you. The letter has been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.